UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No.: 05-10260-RGS |
| ) | |
| LAWRENCE NOVAK ) | |
| Defendant ) | |

## GOVERNMENT'S SUBMISSION REGARDING SENTENCING

The United States of America, by and through the undersigned attorneys, makes this submission regarding the sentencing of defendant Lawrence Novak ("Novak"). As more fully explained below, the government believes a sentence of 87 months in prison and a $25,000 fine is appropriate in this case.

The Guidelines Calculation

The U.S. Probation Office ("USPO") has correctly calculated that Novak's combined total offense level is 30, and with a criminal history category of I, he faces a GSR of 97 to 121 months' incarceration and a fine range of $15,000 to $150,000. PSR ¶ 77, 86. The government agrees with the USPO's rejection of the defendant's objections to the sentencing guidelines calculations.

Novak, while acknowledging there was no plea agreement, falsely claims in his Objection #1 to paragraph 7 of the PSR that "part of his decision to enter a plea was a concession by the government attorneys that the government would take the position at the time of sentencing that the portion of the money that was to be ascribed to Novak's fee would not constitute laundered funds for the purpose of determining the guideline calculation." Legally

and factually, this makes no sense. However, the impact of such a change is minimal - it would only affect the money laundering Group by one level and therefore would result in a combined total offense level of 29, which results in an overlapping GSR of 87 to 108 months' incarceration and the same fine range of $15,000 to $150,000. In the interests of expediting the sentencing hearing, and without conceding the accuracy of Novak's misguided allegations, the government does not object if the Court utilizes this GSR.

The defendant makes a variety of other objections to the USPO's calculations. These objections are also meritless. First, Novak argues that in determining the base offense level for the obstruction of justice conviction, the USPO erred in interpreting the Cross Reference provision (§ 2J2(c)(1)) of the USSG, which directs that the Accessory After the Fact provision (§2X3.1) should be used. The Accessory After the Fact provision looks to the underlying drug offense committed by Scott Holyoke, whose federal case defendant Novak tried to obstruct by filing false affidavits in state court to invalidate old convictions in an effort to lower Holyoke's federal sentence.

Novak argues that the cross reference should only apply when the obstruction "involved obstructing the investigation or prosecution of a criminal offense." He goes on to claim that the provision should not apply here because he tried to obstruct the sentencing, but not the investigation or prosecution. Novak is undaunted by the Commentary to the section which states:

> Because the conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense, a cross reference to 2X3.1 (Accessory After the Fact) is provided.

Novak lamely argues that because he did not obstruct justice with the intent that Holyoke escape

all punishment, but only that Holyoke receive less punishment, the cross reference does not apply. Similar arguments were rejected in United States v. Roche, 321 F.3d 607 (6th Cir.2003). In addition, the Supreme Court has ruled: "In the legal sense, a prosecution terminates only when sentence is imposed." Bradley v. United States, 410 U.S. 605, 609 (1973).

Furthermore, in his Objection 11 to PSR ¶ 34, Novak claims that he should not receive a two point enhancement for an abuse of position of trust. Part of his claim is that the use of his IOLTA account is irrelevant. Of course such use is very relevant. He deposited the purported drug money into his account and lied to employees at the bank to hide the true source of the drug proceeds. Novak's suggestion that he would have revealed the source of the money on an 8300 form ("The use of such an [IOLTA] account does not shield the requirement to file a Form 8300") is ironic because according to IRS records Novak has never filed an 8300 form. So depositing the money into his IOLTA account without identifying the source, while telling the bank employees that he found the money in the home of an elderly client, was clearly an attempt to use his position as an attorney to facilitate the crime. Indeed, the use of the attorney IOLTA account was integral to the money laundering scheme.

### Title 18, U.S.C. § 3553 Sentencing Factors

As the Court well knows, after considering the nature and circumstances of the offense and defendant, its sentence needs to be sufficient but not greater than necessary to comply with the purposes of sentencing set forth in the statute. The sentence should be imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner.

Unlike many defendants who come before this Court to be sentenced, Novak was raised in a stable and supportive middle-class family. He took advantage of his educational opportunities, apparently without making any unusual sacrifices, and became an attorney. Even after law school he had the advantage of returning to his family home while he established himself. There is nothing in the defendant's background that excuses his criminal conduct or reduces his culpability.

In fact it is the defendant's background and profession that raises the central issue in this case: how serious is it when an attorney uses his position to launder what he believes are drug proceeds and also obstructs the system he is supposed to serve? The government believes this is a significant crime and that a sentence of 87 months' incarceration and a fine of $25,000 is an appropriate sentence in this case.

        Respectfully submitted,

        MICHAEL K. LOUCKS
        Acting U.S. Attorney

By:    /s/ Brian T. Kelly
        Brian T. Kelly
        George W. Vien
        Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I, Brian T. Kelly, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                            /s/ Brian T. Kelly
                                            BRIAN T. KELLY
                                            Assistant U.S. Attorney